# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-01787-MSK-MJW

TATONKA CAPITAL CORPORATION,

    Plaintiff,

v.

TRILLION PARTNERS, INC.,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER ( Docket no 47-1 )

---

Plaintiff Tatonka Capital Corp., Defendant Trillion Partners, Inc,, and the Receiver Bryon Smyl (sometimes referred to herein individually as the "Party" or collectively as the "Parties"), through their respective counsel, stipulate to a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (hereinafter defined) (the "Protective Order"), and, as grounds therefore, state as follows:

    1.    In this action, the Parties are in possession of relevant information which they reasonably believe constitutes Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties'

business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, email, electronic document or copy made there from - not made available to the public - and designated by one of the Parties in the manner provided in Paragraph 3. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

   a. By imprinting the word "Confidential" before the prefix of all bates numbering on each page of any document produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

   c. With respect to transcribed testimony, by giving written notice to the opposing Parties' counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of **Exhibit A** has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed. Notwithstanding anything herein that might be construed to the contrary, the provisions of the Protective Order shall apply, not only to the Parties, but also their respective directors, officers and employees. With respect to such directors, officers, and employees, the Parties need not obtain an affidavit from them in the form attached as Exhibit A hereto as their employment shall be deemed to have been an acceptance by them of the terms and conditions of this Protective Order, nor need such directors, officers, and employees be included on any list of persons to whom Confidential Information has been disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation, except where Confidential information is sought by third parties, including governmental agencies, pursuant to valid legal process.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made there from pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of a notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. *By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.*

14. Upon termination of this litigation, including any appeals, each Party's counsel shall *immediately return to the producing* all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or

copies made there from. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this 22nd day of November, 2011.

BY THE COURT:

_____
United States District Court
Magistrate Judge Michael J. Watanabe

**STIPULATED AND AGREED BY:**

s/ Todd R. Seelman
Todd R. Seelman
FORD & HARRISON LLP
World Trade Center
1675 Broadway, Suite 2150
Denver, CO 80202-4679

ATTORNEY FOR TRILLION PARTNERS, INC.

s/ Derek F. Meek
Derek F. Meek
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

ATTORNEY FOR PLAINTIFF TATONKA
CAPITAL CORPORATION


s/ John Cardinal Parks
John Cardinal Parks
HOROWITZ & BURNETT, P.C.
1660 Lincoln Street, Suite 1900
Denver, CO 80264

ATTORNEY FOR THE RECEIVER, BYRON
SMYL