IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 1:11-cv-01787-MSK-MJW

TATONKA CAPITAL CORPORATION,

    Plaintiff,

v.

TRILLION PARTNERS, INC.,

    Defendant.

_____

**ORDER APPROVING THE PRIVATE SALE OF ALL OF TRILLION'S ASSETS**
_____

The Receiver's Motion For An Order Approving The Private Sale of All of Trillion's Assets, Or In The Alternative, Approval Of Sales and Bidding Procedures For A Public Sale (the "Sale Motion") [Docket 70]; filed by Byron P. Smyl, in his capacity as receiver (the "Receiver") of all of the operations and assets (the "Receivership Estate") of Trillion Partners, Inc. ("Trillion") having come before me, due notice having been provided to all interested parties, upon determination by this Court that no hearing is necessary since no objections were filed,

    **IT IS THEREFORE ORDERED**:

    1.    The Motion is **GRANTED**.

    2.    The Receiver of the Receivership Estate, has good, marketable and valid title to, or, in the case of property leased or licensed by Trillion, a valid and subsisting leasehold interest in or a legal, valid and enforceable licensed interest in or right to use, and pursuant to this Order has the right to sell, transfer, convey, assign and deliver, the Purchased Assets to TX Broadband Holding

Co. (or its designee or assignee) (the "Purchaser") on the terms of this Order.

3. The Receiver is authorized: (a) to consummate the NewCo Private Sale[1]; (b) to sell the Purchased Assets to Purchaser under the terms and conditions of the APA (including, without limitation, Federal Communications Commission approval) and to perform his obligations and undertakings thereunder; and (c) to perform under the assignment and assumption of the Assumed Contracts and Assumed Leases to Purchaser.  No Excluded Assets, if any, shall be sold or assigned to Purchaser.   The Receiver is also authorized to execute, deliver, and perform under and consummate, the APA, together with all additional instruments and documents desirable to implement the APA and to take all further actions (a) reasonably requested by Purchaser to assign, transfer and convey to Purchaser the Purchased Assets, the Assumed Contracts and/or the Assumed Leases; (b) appropriate to the performance of its obligations under the APA; and (c) as may be reasonably requested by Purchaser to consummate the NewCo Private Sale under the APA, and may modify the APA and schedules to make immaterial changes, without further order of this Court.

4. This Order and the APA shall bind in all respects the Purchaser, the Receiver, the Receivership Estate and Trillion and their affiliates, all creditors (known or unknown) of any of the Receiver, Receivership Estate or Trillion, all interested Persons and entities, and their respective successors and assigns, including, but not limited to, any party asserting a claim or Claims (defined below) relating to the Purchased Assets.

---

[1] As used herein the term "NewCo Private Sale" has the meaning given to it in the Sale Motion.   Other capitalized terms used herein and not defined herein have the meanings given to them in the Asset Purchase Agreement (itself, the "APA") between the Receiver and the Purchaser in substantially the form of Exhibit A to the Sale Motion (as modified in a manner not prohibited by the terms of this Order).

5. The transfer of the Purchased Assets to Purchaser shall (a) be a valid, legal and binding transfer; (b) vest in Purchaser all right, title and interest of the Receiver, the Receivership Estate and Trillion in the Purchased Assets; and (c) convey good, marketable and valid title to, or, in the case of property leased or licensed, a valid and subsisting leasehold interest in or a legal, valid and enforceable licensed interest in or right to use, all of the Purchased Assets, free and clear of all interests, charges, liens, claims, mortgages, subleases, hypothecations, deeds of trust, pledges, security interests, options, rights of use, first offer or first refusal, easements, servitudes, restrictive covenants, encroachments, encumbrances, or similar restrictions of any kind, whether arising before or after the Receivership Date (as defined in the Sale Motion), whether at law or in equity, including all claims or rights based on any successor or transferee liability, all labor and employment claims, all environmental claims, all change in control provisions, all rights to object or consent to the transfer of the Purchased Assets to Purchaser or to be excused from accepting performance by Purchaser or performing for Purchaser under any Assumed Contracts or Assumed Leases and all rights at law or in equity (collectively, the "Claims"), except Assumed Liabilities and Permitted Encumbrances.

6. All Claims shall attach to the proceeds of the NewCo Private Sale ultimately attributable to the Purchased Assets against or in which such Claims are asserted, or other so dedicated funds held by the Receiver, in the order of their priority, with the same force and effect which they now have as against the Purchased Assets, subject to any rights, claims and defenses the Receiver may possess. Purchaser shall have no liability on account of the Claims, except to the extent of any Assumed Liabilities or Permitted Encumbrances under the APA.

7. Except as expressly provided in the APA, all Persons (and their successors and

assigns), including, but not limited to, all debt holders, equity security holders, affiliates, governmental, tax and regulatory authorities, lenders, customers, employees, trade creditors, litigation claimants and other creditors, holding Claims (legal or equitable, secured or unsecured, known or unknown, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinated), arising under, in connection with or in any way referring to, Trillion or the Receivership Estate, ownership or operation of the Purchased Assets prior to Closing, or the sale of the Purchased Assets to Purchaser, are forever barred, estopped and enjoined from asserting such Claims against Purchaser, its successors or assigns, its property or the Purchased Assets.

8.  This Order: (a) shall be effective as a determination that, as of the Closing, (i) no Claims (except Assumed Liabilities and Permitted Encumbrances) may be asserted against the Purchaser, its affiliates, successors or assigns or any of their respective assets (including the Purchased Assets), whether or not due and payable as of the Closing, (ii) the Purchased Assets shall have been transferred to Purchaser free and clear of all Claims and (iii) the conveyances described herein have been effected; and (b) is binding upon and governs the acts of all Persons and entities, including, without limitation, filing and title agents and companies, registrars of intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other Persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or record or release any documents or instruments, or who may be required to report or insure any title or state of title in any lease; and each of the foregoing is directed to accept for filing all documents and instruments appropriate to consummate the APA.

9.      If any Person or entity that has filed financing statements, mortgages, mechanic's liens or other similar documents evidencing Claims against the Purchased Assets shall not have delivered to the Receiver prior to the Closing of the NewCo Private Sale, in proper, executed form for filing, termination statements, instruments of satisfaction, releases of all interests (collectively, the "Releases") that the Person or entity has with respect to Trillion and the Receivership Estate or the Purchased Assets, then only with regard to the Purchased Assets that are purchased by Purchaser pursuant to the APA and this Order: (a) Receiver is authorized to execute and file such Releases on behalf of the person or entity with respect to the Purchased Assets; and (b) Purchaser is authorized to file, register or otherwise record a certified copy of this Order, which, shall constitute conclusive evidence of the release of all Claims against the applicable Purchased Assets. This Order is deemed to be in recordable form sufficient to be placed in any filing system or office.

10.     After the Closing of the NewCo Private Sale, no holder of any Claim or other Person shall interfere with the Purchaser's title to or use and enjoyment of the Purchased Assets based on or related to any such Claim, or based on any actions the Receiver, the Receivership Estate or Trillion, their present or former agents, servants, officers, directors, representative or employees (collectively, the "Trillion Agents") may take.  All Persons, including, without limitation, Trillion and the Trillion Agents are permanently enjoined from taking any action to adversely affect the APA, this Order or the operation of the Purchaser's business or its quiet enjoyment of the Purchased Assets, or from interfering with or taking action to reduce the value of any or all Purchased Assets.

11.     The Receiver's assumption and assignment to the Purchaser of all of the Receiver's, the Receivership Estate's and/or Trillion's right, title and interest in or under the

Assumed Contracts and Assumed Leases are approved. The Receiver shall be deemed to have assumed and assigned all Assumed Contracts and Assumed Leases, and the Purchaser to have assumed each of the Assumed Liabilities in accordance with the terms and conditions of the APA, effective only upon the Closing of the NewCo Private Sale. Further, for purpose of clarity, the Assumed Contracts and Assumed Leases are part of the Purchased Assets.

12. The Assumed Contracts and the Assumed Leases shall be transferred to, and remain in full force and effect for the benefit of Purchaser in accordance with their respective terms, notwithstanding any provision thereof that prohibits, restricts or conditions such transfer. Purchaser will be responsible to pay all amounts accruing on and after the Closing under the Assumed Contracts and Assumed Leases. Purchaser shall have no liability or obligation on account of any due or accrued amount under an Assumed Contract or an Assumed Lease prior to the Closing Date (whether billed or unbilled), except to the extent of any Assumed Liability under the APA. Purchaser retains all of its rights under Sections 8.1 and 8.2 of the APA.

13. The NewCo Private Sale is not a bulk sale, and no bulk sales law shall apply.

14. The Purchaser is not a continuation of the Receiver, the Receivership Estate or Trillion. No common identity of incorporators, directors or stockholders exists between the Purchaser and the Receivership Estate. The NewCo Private Sale is not being entered into fraudulently and the consideration paid by the Purchaser for the Purchased Assets is fair and reasonable. The APA was negotiated, and has been entered into in good faith, at arm's length bargaining positions.

15. Absent stay pending appeal, Receiver and Purchaser will be acting in good faith, in closing the NewCo Private Sale after entry of this Order and this is a receivership action and thus

pursuant to Federal Rule of Civil Procedure 62(a)(1) the stay of enforcement by Federal Rule of Civil Procedure Rule 62(a) does not apply and the parties may close the NewCo Private Sale upon entry of this Order.

16. The failure specifically to include any particular provisions of the APA or any related agreements in this Order shall not diminish the effectiveness of such provision, it being the intent of this Court, the Receiver and the Purchaser that the APA and any related agreements are authorized and approved herein in their entirety with such amendments as are consistent herewith.

17. The APA may be modified or supplemented in accordance with its terms, without further order of this Court absent material change to the terms of the APA or this Order.

18. The District Court shall retain jurisdiction to, among other things, interpret, enforce and implement the provisions of this Order and the APA, all amendments thereto, any waivers and consents thereunder (and of all related agreements), to adjudicate disputes related to this Order or the APA and to enter any orders regarding Assumed Contracts or Assumed Leases.

19. If amounts become due from Receiver to Purchaser pursuant to Section 7.3 of the APA, such amounts shall have priority as expenses of administration ahead of all others and shall be paid promptly. Receiver shall not disburse any of the sales proceeds until all amounts due pursuant to Section 7.3 of the APA have been paid or escrowed. In the event of disputes as to amounts of obligations due to Purchaser, undisputed amounts will be paid and disputed amounts claimed shall be escrowed for Purchaser's sole benefit until resolution of such dispute. Subject to the foregoing, the Receiver is authorized to pay from sales proceeds, all reasonable and customary closing costs. Any balance of sales proceeds shall be placed in the Receiver's receivership account for distribution per the Order Granting Motion To Appoint Receiver dated July 27, 2011.

20. The relief granted herein is in the best interests of the Receivership Estate.

DATED this 26th day of October, 2012.

**BY THE COURT:**

*Marcia A. Krieger*
_____

Marcia S. Krieger
United States District Court